

Higgs, Fletcher & Mack LLP
PETER S. DOODY, Bar No. 127653
doody@higgslaw.com
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: 619.236.1551
Facsimile: 619.696.1410

Attorneys for Defendant
LEGACY TRANSPORTATION SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY TRANSPORTATION SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C10-00505 JSW<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Legacy Transportation Services, Inc., a California corporation, hereby removes to this Court the State Court action described below.

**JURISDICTION**

1. On December 17, 2009, plaintiff Travelers Property Casualty Company, a corporation with its principal place of business in Hartford, Connecticut, brought a subrogation action as subrogor for Tomotherapy Incorporated, a company with its principal place of business in the State of Wisconsin, against defendant Legacy Transportation Services, Inc., a California corporation with its principal place of business in San Jose, California. This action was commenced in the Superior Court of California, County of Contra Costa, entitled *Travelers*

101973-00031
947877.1

CASE NO.

*Property Casualty Company of America and Tomotherapy Incorporated v. Legacy Transportation Services, Inc.; and Does 1 through 10, inclusive* (case number C 09-03528). A true and correct copy of the complaint is attached hereto as exhibit "A."

2. Plaintiff Travelers Property Casualty Company of America ("Travelers") served the registered agent for Legacy Transportation Services, Inc., Paul Escobosa on January 7, 2010, at his office located at 1 Ferry Building, Suite 200, San Francisco, California 94111.

3. This action is a civil action of which this Court has original jurisdiction. As the complaint makes clear, the case involves damage and destruction to a tomotherapy machine. The complaint alleges the tomotherapy unit had a fair market value of $875,000 at the time of the total loss. Original jurisdiction is based on federal preemption pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment").

4. As set forth in plaintiffs' complaint, this case arises out of the interstate transportation of a tomotherapy machine shipped from Wisconsin to its ultimate destination in New Jersey. Legacy Transportation transported the goods interstate and the unit was damaged during the delivery phase of the shipment.

5. Ordinarily "federal jurisdiction" exists only when a federal question is presented on the face of plaintiff's properly-pleaded complaint. *Harris v. Provident Life & Accident Insurance Company*, 26 F.3d 930, 934 (9th Cir. 994). Federal pre-emption is usually a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint and, therefore, in theory may not authorize removal to the federal court. However, "an independent corollary" to the well-pleaded complaint rule is the "complete pre-emption doctrine." *Harris v. Provident Life & Accident Insurance Company*, 26 F.3d 930, 934 (9th Cir. 994). In other words, "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393.

6. The Carmack Amendment governs the liability of transportation companies for lost or damaged goods. Federal law is consistent in setting forth that the Carmack Amendment completely pre-empts related state law. *White v. Mayflower Transit*, 543 F.3d 581 (9th Cir.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

101973-00031
947877.1

2

CASE NO.

2008). As set forth in the facts as alleged in plaintiffs' complaint, this tomotherapy machine was damaged during its transportation to the hospital in New Jersey. The machine was still in the process of being moved and delivered to the hospital when damaged.

7. The Carmack Amendment explicitly defines "transportation" to include "services related to that movement, including arranging for, receipt, delivery, elevation, transfer and transit, refrigeration, icing, ventilation, storage, handling, packaging, unpackaging, and interchange of passengers and property." 49 U.S.C. § 13102(23).

8. The Ninth Circuit gives expansive statutory definition to "transportation" under the Carmack Amendment. *Emmert Industrial Corporation v. Artisan Associates*, 497 F.3d 982 (9th Cir. 2007). Accordingly, any transportation of goods by a carrier in interstate commerce shall be covered by the Carmack Amendment.

9. As set forth in plaintiffs' complaint, plaintiffs seek damages in the amount of $875,000.

10. Plaintiffs have only named Legacy Transportation Services, Inc. as a defendant in the case. There are no other defendants named or served at this time.

DATED: February 3, 2010                         HIGGS, FLETCHER & MACK LLP

By: /s/ Peter S. Doody
PETER S. DOODY
Attorneys for Defendant
LEGACY TRANSPORTATION
SERVICES, INC.



FILED

'09 DEC 17 P 2:22

```
1  ROBERTS & KEHAGIARAS LLP
   ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
2  adk@tradeandcargo.com
   GEORGE P. HASSAPIS, ESQ. (State Bar No. 147072)
3  gph@tradeandcargo.com
   5777 West Century Boulevard, Suite 1410
4  Los Angeles, CA 90045
   Telephone: (310) 642-9800
5  Facsimile: (310) 868-2923

6  Attorneys for plaintiffs
   TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and
7  TOMOTHERAPY INCORPORATED
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA - SOUTHEAST DISTRICT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED, <br><br> Plaintiffs, <br><br> vs. <br><br> LEGACY TRANSPORTATION SERVICES, INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. C 09-03528 <br><br> UNLIMITED JURISDICTION <br><br> COMPLAINT OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND TOMOTHERAPY INCORPORATED <br><br> PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT ___ |

COME NOW plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED and allege:

**GENERAL ALLEGATIONS**

1. At all times material herein, plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS") was a

1

COMPLAINT

**EXHIBIT A**

corporation duly organized and existing according to law and is the business of issuing policies of insurance.

2. At all time material herein, plaintiff TOMOTHERAPY INCORPORATED ("TOMOTHERAPY") was a business entity duly organized and existing according to law.

3. At all times material herein, the plaintiffs are informed and believe that defendant LEGACY TRANSPORTATION SERVICES, INC. ("LEGACY") was an entity of unknown form doing business in the State of California and in this Judicial District.

4. The plaintiffs do not know the true names of the defendants sued herein as DOES 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the damage herein set forth. Accordingly, the plaintiffs sue said defendants by such fictitious names. The plaintiffs will amend their complaint to show the true names of said defendants when the plaintiffs ascertain the same.

5. TRAVELERS and TOMOTHERAPY (collectively, the "PLAINTIFFS") are informed and believe, and thereon allege, that at all times mentioned herein, the defendants, and each of them, were and have been agents, servants, employers, and/or employees of each of the other defendants, and each of them, as

COMPLAINT

such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

6. In or about July 2006, TRAVELERS issued an insurance policy (the "Policy") to TOMOTHERAPY insuring against risks to a Hi-Art System medical imaging machine (the "Machine") during its interstate motor transportation and thereafter, through the completion of the Machine's offloading, rigging, and installation, and any operations incidental to the foregoing, at a hospital in New Jersey that was to receive and use the Machine to diagnose and treat patients with cancer.

7. At all times material herein, TOMOTHERAPY was the owner of the Machine.

8. At all times prior to and up until the incident of which the PLAINTIFFS complain in greater detail below, the Machine was in good order and condition.

9. Upon information and belief, on or about December 22, 2006 at the hospital in New Jersey that was to receive the Machine, it sustained irreparable damage during its offloading, rigging, and/or installation, and/or during operations incidental to the foregoing (collectively, the "Incident").

10. TRAVELERS became the subrogated insurer of TOMOTHERAPY when under the terms of the Policy, and as a direct

3

COMPLAINT

and proximate result of the Incident, TRAVELERS paid $774,226.27 to TOMOTHERAPY for the damage to the Machine.

11. By virtue and to the extent of TRAVELERS' aforementioned payment under the Policy, TRAVELERS is subrogated to the rights of TOMOTHERAPY.

12. As a direct and proximate result of the Incident, TOMOTHERAPY sustained an uninsured loss of not less than $100,000, which includes TOMOTHERAPY's deductible under the Policy.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST ALL DEFENDANTS

13. The PLAINTIFFS hereby incorporate paragraphs 1 through 12, inclusive, of their complaint, as though fully set forth.

14. In or about March 2006, LEGACY agreed in writing with TOMOTHERAPY to properly and safely perform offloading, rigging, and installation services for the Machine, as well as perform other operations incidental to the foregoing, in the same good order and condition as when LEGACY received the Machine.

15. On or about December 22, 2006, LEGACY materially breached and deviated from its agreement by irreparably damaging the Machine during its offloading, rigging, and/or installation, and/or during operations incidental to the

4

COMPLAINT

foregoing, which proximately resulted in a loss of not less than $874,226.27, plus miscellaneous expenses, interest, and costs, no part of which has been paid by LEGACY despite the PLAINTIFFS' demand for the same.

16. TOMOTHERAPY has performed all of its obligations under the aforementioned contract, except for those obligations that because of the breaches by LEGACY of its obligations, TOMOTHERAPY has been excused or prevented from performing.

17. As a direct and consequential result of the breaches by LEGACY, the PLAINTIFFS have been damaged in the sum of not less than $874,226.27, plus miscellaneous expenses, interest, and costs, no part of which has been paid by LEGACY despite the PLAINTIFFS' demand for the same.

### SECOND CAUSE OF ACTION
### NEGLIGENCE AGAINST ALL DEFENDANTS

18. The PLAINTIFFS hereby incorporate paragraphs 1 through 17, inclusive, of their complaint, as though fully set forth.

19. LEGACY undertook to safely offload, rig, and install the Machine in the same good order and condition as prior to LEGACY's undertaking.

20. Having undertaken to perform the foregoing, LEGACY owed a duty of care to TOMOTHERAPY to properly and safely

5

COMPLAINT



offload, rig, and install the Machine such that it would remain in the same good order and condition as prior to LEGACY's undertaking.

21. LEGACY breached its duty of care to TOMOTHERAPY when on or about December 22, 2006 at the hospital in New Jersey that was to receive the Machine, it sustained irreparable damage during its offloading, rigging, and/or installation, and/or during operations incidental to the foregoing.

22. As a direct and proximate result of LEGACY's breach or breaches of its duty of care, the Machine sustained damages of not less than $874,226.27.

23. As a direct and proximate result of LEGACY's breach or breaches of its duty of care, TRAVELERS paid $774,226.27 to TOMOTHERAPY under the Policy and TOMOTHERAPY sustained an uninsured loss of not less than $100,000, which includes the deductible under the Policy.

24. As a direct and consequential result of LEGACY's breach or breaches of its duty of care, the PLAINTIFFS have been damaged in the sum of not less than $874,226.27, plus miscellaneous expenses, interest, and costs, no part of which has been paid by LEGACY despite the PLAINTIFFS' demand for the same.

///
///

6

COMPLAINT




## THIRD CAUSE OF ACTION
### BREACH OF BAILMENT AGAINST ALL DEFENDANTS

25. The PLAINTIFFS hereby incorporate paragraphs 1 through 24, inclusive, of their complaint, as though fully set forth.

26. The acts and omissions of LEGACY in violation of its statutory and common law obligations as a bailee to safely care for the Machine while in LEGACY's care, custody, and/or control directly and proximately caused the damage to the Machine.

27. By reason of the foregoing, the PLAINTIFFS have been damaged in the sum of not less than $874,226.27, plus miscellaneous expenses, interest, and costs, no part of which has been paid by LEGACY despite the PLAINTIFFS' demand for the same.

WHEREAS, the PLAINTIFFS prays for judgment on their complaint as follows:

1. For a judgment against LEGACY and DOES 1 to 10, inclusive, and each of them, for not less than $874,226.27;

2. For a prejudgment interest in an amount according to proof at trial;

3. For attorneys' fees, court costs, and investigation costs that the PLAINTIFFS have incurred in the above-captioned action;

4. For such other and further relief as the Court deems just and proper.

Dated: December 15, 2009          ROBERTS & KEHAGIARAS LLP

By: _____
    George P. Hassapis
    Andrew D. Kehagiaras LLP
    Attorneys for plaintiffs
    TRAVELERS PROPERTY CASUALTY OF
    AMERICA and TOMOTHERAPY,
    INCORPORATED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### TRAVELERS v. LEGACY TRANSPORTATION (USDC Case No. )

PETER S. DOODY, ESQ. (127653)
HIGGS, FLETCHER & MACK LLP
401 West A Street #2600
San Diego, CA 92101-7908
(619) 236-1551

Attorneys for Defendant LEGACY TRANSPORTATION SERVICES, INC.

I, the undersigned, declare that:

I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, and my business address is 401 West A Street #2600, San Diego, California 92101-7908.

On February 3, 2010, I served a copy, with all exhibits (if any), of the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (FEDERAL QUESTION)** on the interested parties in this action, by placing true copies thereof in a separate envelope addressed to each addressee, respectively, as follows:

### ATTORNEYS:

Andrew Kehagiaras, Esq.
Roberts & Kehagiaras LLP
5777 West Century Boulevard #1410
Los Angeles, CA 90045
310.642.9800
Facsimile 310.868.2923

**(BY MAIL):** I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing in affidavit. (CCP §§ 1013, 2015.5.)

_____ **(BY FEDERAL EXPRESS OR OVERNIGHT MAIL)**

**(BY MAIL & E-MAIL):** I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing in affidavit. (CCP §§ 1013, 2015.5.) Further, notice shall be electronically mailed pursuant to the Southern District of California, Electronic Case Filing Administrative Policies and Procedures, on the parties as indicated above.

101973-00031
948084.1

___ (FACSIMILE SERVICE): As evidenced by the attached facsimile transmission report, I faxed the above-described documents to each addressee named herein. The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration. (CCP §§ 1013, 2015.5; Cal. Rules of Court, Rule 2008(e).)

Executed on February 3, 2010, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
PATTI HALL

**PROOF OF SERVICE BY MAIL OR FAX**

101973-00031
948084.1

*3:10-CV-505-JSW*
*ADR ECF*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED

## DEFENDANTS
LEGACY TRANSPORTATION SERVICES, INC.; et al.

**(b) County of Residence of First Listed Plaintiff** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Andrew D. Kehagiaras, Esq.
Roberts & Kehagiaras LLP
5777 West Century Boulevard #1410
Los Angeles, CA 90045
310.642.9800

Attorneys (If Known)
Peter S. Doody, Esq.
Higgs, Fletcher & Mack LLP
401 West A Street #2600
San Diego, CA 92101
619.236.1551

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | **PERSONAL INJURY** | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Med. Malpractice | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 365 Personal Injury - Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | **PERSONAL PROPERTY** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 370 Other Fraud | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 371 Truth in Lending | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [X] 380 Other Personal Property Damage | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 385 Property Damage Product Liability | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | |
| | [ ] 442 Employment | **Habeas Corpus:** | | |
| | [ ] 443 Housing/Accommodations | [ ] 530 General | | |
| | [ ] 444 Welfare | [ ] 535 Death Penalty | | |
| | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal from State Court

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 2/3/2010

SIGNATURE OF ATTORNEY OF RECORD
Peter Doody

FILE BY FAX

NDC-JS44

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### TRAVELERS v. LEGACY TRANSPORTATION (USDC Case No. )

PETER S. DOODY, ESQ. (127653)
HIGGS, FLETCHER & MACK LLP
401 West A Street #2600
San Diego, CA 92101-7908
(619) 236-1551

Attorneys for Defendant LEGACY TRANSPORTATION SERVICES, INC.

I, the undersigned, declare that:

I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, and my business address is 401 West A Street #2600, San Diego, California 92101-7908.

On February 3, 2010, I served a copy, with all exhibits (if any), of the attached **CIVIL COVER SHEET** on the interested parties in this action, by placing true copies thereof in a separate envelope addressed to each addressee, respectively, as follows:

### ATTORNEYS:

Andrew Kehagiaras, Esq.
Roberts & Kehagiaras LLP
5777 West Century Boulevard #1410
Los Angeles, CA 90045
310.642.9800
Facsimile 310.868.2923

**(BY MAIL):** I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing in affidavit. (CCP §§ 1013, 2015.5.)

_____ **(BY FEDERAL EXPRESS OR OVERNIGHT MAIL)**

**(BY MAIL & E-MAIL):** I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing in affidavit. (CCP §§ 1013, 2015.5.) Further, notice shall be electronically mailed pursuant to the Southern District of California, Electronic Case Filing Administrative Policies and Procedures, on the parties as indicated above.

101973-00031
948084.1

_____

(**FACSIMILE SERVICE**):   As evidenced by the attached facsimile transmission report, I faxed the above-described documents to each addressee named herein. The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration. (CCP §§ 1013, 2015.5; Cal. Rules of Court, Rule 2008(e).)

Executed on February 3, 2010, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
PATTI HALL

PROOF OF SERVICE BY MAIL OR FAX

101973-00031
948084.1