1  Higgs, Fletcher & Mack LLP
   PETER S. DOODY, Bar No. 127653
2  doody@higgslaw.com
   401 West "A" Street, Suite 2600
3  San Diego, CA  92101-7913
   Telephone:    619.236.1551
4  Facsimile:    619.696.1410

5  Attorneys for Defendant
   LEGACY TRANSPORTATION SERVICES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  TRAVELERS PROPERTY CASUALTY          CASE NO. C 10-00505 JSW
    COMPANY OF AMERICA and
12  TOMOTHERAPY INCORPORATED,            **THIRD-PARTY COMPLAINT FOR
                                         EQUITABLE INDEMNITY AND
13              Plaintiffs,              CONTRIBUTION, EXPRESS
                                         CONTRACTUAL INDEMNITY,
14  v.                                   APPORTIONMENT, AND
                                         DECLARATORY RELIEF
15  LEGACY TRANSPORTATION                [F.R.C.P. Rule 14]**
    SERVICES, INC.,
16
                Defendant and
17              Third-Party Plaintiff,

18
    v.
19
    UNITED VAN LINES, LLC, and DTI
20  RIGGING (business form unknown),

21
                Third-Party
22              Defendants.

23

24

25        The above-named defendant and third-party plaintiff, Legacy Transportation Services,

26  Inc., as and for a third-party complaint against third-party defendants United Van Lines, LLC and

27  DTI Rigging (business form unknown), alleges as follows:

28  ///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

101973-00031
950670.1                                                    CASE NO. C 10-00505 JSW

**FIRST CAUSE OF ACTION**

**(For Equitable Indemnity and Contribution, as to All Third-party defendants)**

1.      At all times herein mentioned, defendant and third-party plaintiff Legacy Transportation Services, Inc. was a corporation qualified to do and doing business in the State of California.

2.      At all times herein mentioned, third-party defendant United Van Lines, LLC was a limited liability company, organized and doing business as an interstate carrier of goods based and headquartered in Fenton, Missouri.  United Van Lines, LLC is an interstate motor carrier operating under authority issued by the Department of Transportation.  The shipment which forms the basis of plaintiff Travelers' original complaint was an interstate shipment which originated in Wisconsin and delivered in New Jersey.  Damage to the cargo is alleged to be in excess of $850,000.

3.      At al times herein mentioned, third-party defendant DTI Rigging, was a business, specific form unknown, organized and doing business in transportation rigging services based and headquartered in the State of Tennessee.  DTI Rigging contracted with third-party plaintiff to conduct rigging services while the cargo was in transit.

4.      Third-party plaintiff is informed and believes and thereon alleges that the third-party defendants, and each of them, were the agents, servants, employees and joint venturers of the other named third-party defendants, and were acting at all times within the course of their agency, employment and joint venture, and with the knowledge and consent of their principals and employers.

5.      That for the purpose of this third-party complaint only, and without admitting the truth to the allegations thereof, third-party plaintiff refers to and incorporates herein by reference each and every allegation contained in plaintiffs' complaint, filed December 17, 2009, attached hereto as Exhibit "A" as though fully set forth herein.

6.      Third-party plaintiff has denied the allegations of the complaint, but if said allegations are found to be true, the acts of third-party plaintiff are vicarious and passive in nature, while the acts of third-party defendants, and each of them, are active and primary in

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

101973-00031
950670.1

2

CASE NO. C 10-00505 JSW

1    nature, and third-party plaintiff is entitled to indemnification by third-party defendants, and each

2    of them, against any loss, damage or expense as a result of the claims made by plaintiffs by virtue

3    of the legal relationship between third-party plaintiff and third-party defendants.

4                                    **SECOND CAUSE OF ACTION**

5                                    **(Express Contractual Indemnity)**

6            7.      Third-party plaintiff refers to and incorporates herein by reference paragraphs 1

7    through 6 of its First Cause of Action.

8            8.      Third-party plaintiff is informed and believes and thereon alleges third-party

9    plaintiff entered into a written agreement with third-party defendant United Van Lines, LLC

10   which provides, in pertinent part, that third-party defendant United Van Lines, LLC, will

11   indemnify third-party plaintiff.

12           9.      Third-party plaintiff is informed and believes and thereon alleges the damages

13   alleged by plaintiff in the underlying action were caused by the acts or omissions of third-party

14   defendants arising out of and in connection with the performance of third-party defendants'

15   obligations pursuant to the written contracts entered into with third-party plaintiff herein.

16           10.     As a result of the foregoing, third-party plaintiff is entitled to indemnity from

17   third-party defendants.

18                                    **THIRD CAUSE OF ACTION**

19                        **(For Apportionment, as to all Third-Party Defendants)**

20           11.     Third-party plaintiff refers to and incorporates herein by reference paragraphs 1

21   through 6 of its First Cause of Action and paragraphs 8 through 10 of its Second Cause of Action.

22           12.     Third-party defendants, and each of them, are culpable and at fault and negligent

23   in proximately contributing to the occurrence as alleged by plaintiffs, and the injuries and

24   damages allegedly suffered by plaintiffs, in that third-party defendants, and each of them, failed

25   to exercise ordinary care under the circumstances and failed to produce quality safe produce fit

26   for human consumption.

27           13.     In the event third-party plaintiff is held liable to plaintiffs in this action, Third-

28   party plaintiff will be entitled to an allocation of liability among, contribution from, or indemnity

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

101973-00031
950670.1                                                3                    CASE NO. C 10-00505 JSW

1    from one or more of the third-party defendants, depending upon a jury's finding, on a percentage

2    of fault basis.

3                             **FOURTH CAUSE OF ACTION**

4                   **(For Declaratory Relief, as to all Third-Party Defendants)**

5            14.     Third-party plaintiff refers to and incorporates herein by reference 1 through 6 of

6    its First Cause of Action, paragraphs 8 through 10 of its Second Cause of Action, paragraphs 12

7    and 13 of its Third Cause of Action and paragraphs 16 and 17 of its Fourth Cause of Action.

8            15.     By reason of the foregoing, a dispute has arisen and an actual controversy has

9    arisen and an actual controversy exists between Third-party plaintiff and third-party defendants,

10   and each of them, concerning their respective rights, duties, obligations and in particular with

11   respect to the obligations of third-party defendants, and each of them, to indemnify and hold

12   harmless third-party plaintiff.  Third-party plaintiff respectfully requests that a declaration of the

13   rights and duties of each cross-defendant and of the third-party plaintiff herein.  Such declaration

14   will avoid the filing of separate actions against third-party defendants, and each of them, at a later

15   date, and thus eliminate circuitry of actions.

16           **WHEREFORE**, third-party plaintiff prays for judgment against third-party defendants,

17   and each of them, as follows:

18           1.      If third-party plaintiff is held liable for judgment in favor of plaintiffs, that

19   judgment in the same amount be rendered in favor of third-party plaintiff against third-party

20   defendants, and each of them;

21           2.      A declaration that third-party defendants, and each of them, have a duty to

22   indemnify and hold harmless third-party plaintiff;

23           3.      For an allocation in contribution in the event third-party plaintiff is held liable to

24   plaintiffs on a percentage of fault basis;

25           4.      For a declaratory judgment to be entered stating the obligations of third-party

26   defendants, and each of them, to indemnify and hold harmless third-party plaintiff against any

27   and all causes of action set forth by plaintiff in the complaint on file herein;

28   ///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

101973-00031
950670.1

4

CASE NO. C 10-00505 JSW

5.    For damages according to proof, including, but not limited to, attorney's fees, legal costs and costs of investigation;

6.    For costs of suit incurred herein; and,

7.    For such other and further relief as the Court may deem just and proper.


DATED:  February 22, 2010                    HIGGS, FLETCHER & MACK LLP


By: _____
       PETER S. DOODY
       Attorneys for Defendant
       LEGACY TRANSPORTATION
       SERVICES, INC.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

101973-00031
950670.1

5

CASE NO. C 10-00505 JSW

COPY

FILED

2009 DEC 17 P 2: 22

1   ROBERTS & KEHAGIARAS LLP
    ANDREW D. KEHAGIARAS, ESQ. (State Bar No. 207767)
2   adk@tradeandcargo.com
    GEORGE P. HASSAPIS, ESQ. (State Bar No. 147072)
3   gph@tradeandcargo.com
    5777 West Century Boulevard, Suite 1410
4   Los Angeles, CA  90045
    Telephone: (310) 642-9800
5   Facsimile: (310) 868-2923

6   Attorneys for plaintiffs
    TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and
7   TOMOTHERAPY INCORPORATED

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF CONTRA COSTA - SOUTHEAST DISTRICT

10
    TRAVELERS PROPERTY CASUALTY          )   CASE NO. C 09-03528
11  COMPANY OF AMERICA and               )
    TOMOTHERAPY INCORPORATED,            )   UNLIMITED JURISDICTION
12                                       )
                                         )   COMPLAINT OF TRAVELERS PROPERTY
13          Plaintiffs,                  )   CASUALTY COMPANY OF AMERICA AND
                                         )   TOMOTHERAPY INCORPORATED
14                                       )
                                         )
15       vs.                             )
                                         )
16                                       )
                                         )   PER LOCAL RULE 5 THIS
17  LEGACY TRANSPORTATION SERVICES,      )   CASE IS ASSIGNED TO
    INC.; and DOES 1 through 10,         )   DEPT. ____
18  inclusive,                           )
                                         )
19          Defendants.                  )
                                         )
20

21       COME NOW plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF

22  AMERICA and TOMOTHERAPY INCORPORATED and allege:

23

24                     GENERAL ALLEGATIONS

25       1.   At all times material herein, plaintiff TRAVELERS

26  PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS") was a

27

28

                            1

                                              COMPLAINT

EXHIBIT A

1    corporation duly organized and existing according to law and in

2    the business of issuing policies of insurance.

3

4        2.   At all time material herein, plaintiff TOMOTHERAPY

5    INCORPORATED  ("TOMOTHERAPY")  was  a  business  entity  duly

6    organized and existing according to law.

7

8        3.   At all times material herein, the plaintiffs are

9    informed and believe that defendant LEGACY TRANSPORTATION

10   SERVICES, INC. ("LEGACY") was an entity of unknown form doing

11   business in the State of California and in this Judicial

12   District.

13

14       4.   The plaintiffs do not know the true names of the

15   defendants sued herein as DOES 1 through 10, inclusive, each of

16   which is responsible for the events and matters herein

17   referenced, and each of which caused or contributed to the

18   damage herein set forth.  Accordingly, the plaintiffs sue said

19   defendants by such fictitious names.  The plaintiffs will amend

20   their complaint to show the true names of said defendants when

21   the plaintiffs ascertain the same.

22

23       5.   TRAVELERS  and  TOMOTHERAPY  (collectively,  the

24   "PLAINTIFFS") are informed and believe, and thereon allege,

25   that at all times mentioned herein, the defendants, and each of

26   them, were and have been agents, servants, employers, and/or

27   employees of each of the other defendants, and each of them, as

28

S:\Legacy Transportation\Complaint.doc                           COMPLAINT

1  such, were acting in the course and scope of their employment
2  and/or agency at all times relevant to this action.
3
4      6.   In or about July 2006, TRAVELERS issued an insurance
5  policy (the "Policy") to TOMOTHERAPY insuring against risks to
6  a Hi-Art System medical imaging machine (the "Machine") during
7  its interstate motor transportation and thereafter, through the
8  completion of the Machine's offloading, rigging, and
9  installation, and any operations incidental to the foregoing,
10  at a hospital in New Jersey that was to receive and use the
11  Machine to diagnose and treat patients with cancer.
12
13      7.   At all times material herein, TOMOTHERAPY was the
14  owner of the Machine.
15
16      8.   At all times prior to and up until the incident of
17  which the PLAINTIFFS complain in greater detail below, the
18  Machine was in good order and condition.
19
20      9.   Upon information and belief, on or about December 22,
21  2006 at the hospital in New Jersey that was to receive the
22  Machine, it sustained irreparable damage during its offloading,
23  rigging, and/or installation, and/or during operations
24  incidental to the foregoing (collectively, the "Incident").
25
26      10. TRAVELERS became the subrogated insurer of
27  TOMOTHERAPY when under the terms of the Policy, and as a direct
28

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

3

COMPLAINT

1  and proximate result of the Incident, TRAVELERS paid
2  $774,226.27 to TOMOTHERAPY for the damage to the Machine.

3

4      11. By virtue and to the extent of TRAVELERS'
5  aforementioned payment under the Policy, TRAVELERS is
6  subrogated to the rights of TOMOTHERAPY.

7

8      12. As a direct and proximate result of the Incident,
9  TOMOTHERAPY sustained an uninsured loss of not less than
10 $100,000, which includes TOMOTHERAPY's deductible under the
11 Policy.

12

13              FIRST CAUSE OF ACTION

14      BREACH OF CONTRACT AGAINST ALL DEFENDANTS

15     13. The PLAINTIFFS hereby incorporate paragraphs 1
16 through 12, inclusive, of their complaint, as though fully set
17 forth.

18

19     14. In or about March 2006, LEGACY agreed in writing with
20 TOMOTHERAPY to properly and safely perform offloading, rigging,
21 and installation services for the Machine, as well as perform
22 other operations incidental to the foregoing, in the same good
23 order and condition as when LEGACY received the Machine.

24

25     15. On or about December 22, 2006, LEGACY materially
26 breached and deviated from its agreement by irreparably
27 damaging the Machine during its offloading, rigging, and/or
28 installation, and/or during operations incidental to the

ROBERTS & KEHAGIARAS LLP
www.msknowledge.com

4

1  foregoing, which proximately resulted in a loss of not less
2  than $874,226.27, plus miscellaneous expenses, interest, and
3  costs, no part of which has been paid by LEGACY despite the
4  PLAINTIFFS' demand for the same.

5

6  16. TOMOTHERAPY has performed all of its obligations
7  under the aforementioned contract, except for those obligations
8  that because of the breaches by LEGACY of its obligations,
9  TOMOTHERAPY has been excused or prevented from performing.

10

11  17. As a direct and consequential result of the breaches
12  by LEGACY, the PLAINTIFFS have been damaged in the sum of not
13  less than $874,226.27, plus miscellaneous expenses, interest,
14  and costs, no part of which has been paid by LEGACY despite the
15  PLAINTIFFS' demand for the same.

16

17  ## SECOND CAUSE OF ACTION
18  ## NEGLIGENCE AGAINST ALL DEFENDANTS

19  18. The PLAINTIFFS hereby incorporate paragraphs 1
20  through 17, inclusive, of their complaint, as though fully set
21  forth.

22

23  19. LEGACY undertook to safely offload, rig, and install
24  the Machine in the same good order and condition as prior to
25  LEGACY's undertaking.

26

27  20. Having undertaken to perform the foregoing, LEGACY
28  owed a duty of care to TOMOTHERAPY to properly and safely

ROBERTS & KEHAGIARAS LLP
www.erckcenga.com

5

offload, rig, and install the Machine such that it would remain in the same good order and condition as prior to LEGACY's undertaking.

21. LEGACY breached its duty of care to TOMOTHERAPY when on or about December 22, 2006 at the hospital in New Jersey that was to receive the Machine, it sustained irreparable damage during its offloading, rigging, and/or installation, and/or during operations incidental to the foregoing.

22. As a direct and proximate result of LEGACY's breach or breaches of its duty of care, the Machine sustained damages of not less than $874,226.27.

23. As a direct and proximate result of LEGACY's breach or breaches of its duty of care, TRAVELERS paid $774,226.27 to TOMOTHERAPY under the Policy and TOMOTHERAPY sustained an uninsured loss of not less than $100,000, which includes the deductible under the Policy.

24. As a direct and consequential result of LEGACY's breach or breaches of its duty of care, the PLAINTIFFS have been damaged in the sum of not less than $874,226.27, plus miscellaneous expenses, interest, and costs, no part of which has been paid by LEGACY despite the PLAINTIFFS' demand for the same.

///
///

ROBERTS & KILLIGNARAS LLP
www.mdamabmpr.com

6

COMPLAINT

I:\Legacy Transportation\Complaint.doc

## THIRD CAUSE OF ACTION

### BREACH OF BAILMENT AGAINST ALL DEFENDANTS

25. The PLAINTIFFS hereby incorporate paragraphs 1 through 24, inclusive, of their complaint, as though fully set forth.

26. The acts and omissions of LEGACY in violation of its statutory and common law obligations as a bailee to safely care for the Machine while in LEGACY's care, custody, and/or control directly and proximately caused the damage to the Machine.

27. By reason of the foregoing, the PLAINTIFFS have been damaged in the sum of not less than $874,226.27, plus miscellaneous expenses, interest, and costs, no part of which has been paid by LEGACY despite the PLAINTIFFS' demand for the same.

WHEREAS, the PLAINTIFFS prays for judgment on their complaint as follows:

1. For a judgment against LEGACY and DOES 1 to 10, inclusive, and each of them, for not less than $874,226.27;

2. For a prejudgment interest in an amount according to proof at trial;

3. For attorneys' fees, court costs, and investigation costs that the PLAINTIFFS have incurred in the above-captioned action;

ROBERTS & KEHAGIARAS LLP
www.mkehagaran.com

7

COMPLAINT

1      4.    For such other and further relief as the Court deems

2 just and proper.

3

4 Dated: December 15, 2009      ROBERTS & KEHAGIARAS LLP

5

6

7                  By:

8                        George P. Hassapis

                        Andrew D. Kehagiaras LLP

9                        Attorneys for plaintiffs

                        TRAVELERS PROPERTY CASUALTY OF

10                      AMERICA and TOMOTHERAPY,

                        INCORPORATED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### TRAVELERS v. LEGACY TRANSPORTATION (USDC Case No. C 10-00505 JSW)

PETER S. DOODY, ESQ. (127653)
HIGGS, FLETCHER & MACK LLP
401 West A Street #2600
San Diego, CA 92101-7908
(619) 236-1551

Attorneys for Defendant LEGACY TRANSPORTATION SERVICES, INC.

I, the undersigned, declare that:

I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, and my business address is 401 West A Street #2600, San Diego, California 92101-7908.

On February 22, 2010, I served a copy, with all exhibits (if any), of the attached **THIRD-PARTY COMPLAINT** on the interested parties in this action, by placing true copies thereof in a separate envelope addressed to each addressee, respectively, as follows:

## ATTORNEYS:

Andrew Kehagiaras, Esq.
Roberts & Kehagiaras LLP
5777 West Century Boulevard #1410
Los Angeles, CA 90045
310.642.9800
Facsimile 310.868.2923



**(BY MAIL):** I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing in affidavit. (CCP §§ 1013, 2015.5.)

_____ **(BY FEDERAL EXPRESS OR OVERNIGHT MAIL)**

_____ **(BY MAIL & E-MAIL):**       I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing in affidavit. (CCP §§ 1013, 2015.5.) Further, notice shall be electronically mailed pursuant to the Southern District of California, Electronic Case Filing Administrative Policies and Procedures, on the parties as indicated above.

101973-00031
948084.1

_____ **(FACSIMILE SERVICE):**   As evidenced by the attached facsimile transmission report, I faxed the above-described documents to each addressee named herein.  The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by machine.  Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration. (CCP §§ 1013, 2015.5; Cal. Rules of Court, Rule 2008(e).)

Executed on February 22, 2010, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
**PATTI HALL**

---

**PROOF OF SERVICE BY MAIL OR FAX**