IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA and
TOMOTHERAPY INCORPORATED,

No. C 10-00505 JSW

Plaintiffs,

v.

**NOTICE OF QUESTIONS**

LEGACY TRANSPORTATION SERVICES,
INC. and DOES 1-10, inclusive,

Defendants.

_____/

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 9, 2010 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. Defendant Legacy Transportation Services and third-party defendant United Van Lines, LLC contend that the offloading, rigging and installation services at issue in this matter fall within the definition of "transportation" subject to the Interstate Commerce Act, and are therefore subject to the preemptive ambit of the Carmack Amendment. What specific legal authority indicates that these services, treated separately in the subject contract, are indeed encompassed within the definition of transportation?

2. Is Defendant Legacy Transportation Services a carrier or a broker? What evidence is in the record or can be put in the record to clarify Defendant's legal status? If there remains a factual dispute over whether Defendant's conduct may legally fall under the ambit of the Carmack Amendment, must the Court remand?

3. How can the Court disregard the contractual agreement that any action relating to the agreement be construed and interpreted in accordance with the laws of California and that any suit be brought in the county of Contra Costa?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 6, 2010

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE