IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY TRANSPORTATION SERVICES, INC. and DOES 1-10, inclusive,<br><br>Defendants.<br>_____/ | No. C 10-00505 JSW<br><br>**ORDER DENYING MOTION TO REMAND** |

Now before the Court is the motion to remand this action to state court filed by Plaintiffs Plaintiff s Travelers Property Casualty Company of America ("Travelers") and Tomotherapy Incorporated ("Tomotherapy") (collectively, "Plaintiffs"). Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES Plaintiffs' motion to remand.

**BACKGROUND**

Tomotherapy produces oncology machines and entered into a contract with Defendant to arrange for the transportation and rigging and installation of a machine from Wisconsin to a hospital in New Jersey. Defendant, under the auspices of United Van Lines, shipped the machine in interstate commerce. Defendant arranged for DTI Rigging to offload and install the machine at its destination. On December 22, 2006, the machine was damaged during the offloading, rigging and/or installation of the machine, resulting in a loss not less than $874,226.27. (Complaint at ¶ 15.) In July 2006, Travelers had issued a insurance policy to

Tomotherapy insuring against risks to the machine during its interstate transportation and completion of its offloading, rigging and installation. Travelers became the subrogated insurer of Tomotherapy under the terms of the policy and paid an amount less than the total loss to Tomotherapy. (*Id.* at ¶¶ 6, 10.)

Plaintiffs originally filed a complaint for breach of contract, negligence, and breach of bailment against defendant Legacy Transportation Services, Inc. ("Legacy" or "Defendant") in the Superior Court for the County of Contra Costa. Thereafter, Defendant removed the state action to this Court on the basis of the preemptive effect of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("the Carmack Amendment"), which governs contracts claims concerning the transportation of goods in interstate commerce. Plaintiffs move this Court to remand to state court of the basis that removal was improper on the face of the complaint.

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

**A.     Legal Standard on Motion to Remand.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must

construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* The "existence of a defense based on federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Nor does the presence of underlying federal issues create jurisdiction over a well-pleaded state law claim. *Hall v. North American Van Lines, Inc.,* 476 F.3d 683, 687 (9th Cir. 2007) (internal citation omitted). However, "there exists 'a handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." *Id.* (internal quotation marks and citation omitted). "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Id.* (citing *Bolcarta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1107 (9th Cir. 2000). "A complaint containing a completely preempted claim may be removed to district court under § 1441." *Id.* (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). The Carmack Amendment, 49 U.S.C. § 14706, is among the few statutes that completely preempt well-pleaded state law claims and is the exclusive cause of action for interstate-shipping contract claims alleging delay, loss, failure to deliver or damage to property. *Hall*, 476 F.3d at 688-89.

**B.    Scope of Transportation.**

Plaintiffs contend that the contract sued upon concerns only that portion of the contract relating to the offloading, rigging and installation of the tomotherapy machine. On the basis that the loss was incurred during the rigging of the machine and not during the transportation of

3

1  the machine, Plaintiffs argue that the Carmack Amendment does not apply to their claims and
2  jurisdiction lies only in state court.

3  The Carmack Amendment broadly defines "transportation" to include "services related
4  to that movement, *including arranging for*, receipt, *delivery*, *elevation*, transfer in transit,
5  refrigeration, icing, ventilation, storage, *handling*, packing, *unpacking*, and interchange of
6  passengers and property." 49 U.S.C.A. § 13102(23)(b) (emphasis added). "[T]he Carmack
7  Amendment is 'comprehensive enough to embrace responsibility *for all losses* resulting from
8  *any failure* to discharge a carrier's duty as to *any part* of the agreed transportation ....'"
9  *Coughlin v. United Van Lines, LLC*, 362 F. Supp. 2d 1166, 1168 (C.D. Cal. 2005) (citing
10 *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916)
11 (emphasis in *Coughlin*). "It is well settled that the Carmack Amendment is the exclusive cause
12 of action for interstate-shipping contract claims alleging loss or damage to property." *Hall*, 476
13 F.3d at 688 (internal citation omitted).

14 Courts have interpreted the scope of the Carmack Amendment's preemption definition
15 of "transportation" broadly. In *Emmert Industrial Corp. v. Artisan Associates, Inc.*, the Ninth
16 Circuit held that the statutory definition of transportation is "expansive" and "encompasses all
17 services rendered incident to the *carriage and delivery* of an item." 497 F.3d 982, 988 (9th Cir.
18 2007) (emphasis added). In *Coughlin*, the Central District court held that state law causes of
19 action seeking recovery for "damages allegedly sustained incident to the interstate shipment of
20 goods" were preempted by the Carmack Amendment. 362 F. Supp. 2d at 1169. In *Design X*
21 *Manufacturing, Inc., v. ABF Freight Systems, Inc.*, the shipper argued that Carmack preemption
22 did not bar state law claims on the grounds that damages caused by a carrier subcontractor at
23 the delivery site were separate and distinct from damages caused by the shipment of the goods
24 in interstate commerce. 584 F. Supp. 2d 464, 467 (D. Conn. 2008). The district court,
25 however, rejected this distinction, noting that "damages to the shipper's goods that have been
26 transferred in interstate commerce ... *include damage caused by to the goods during the course*
27 *of delivery.*" 584 F. Supp. 2d at 467 (internal citation and quotation marks omitted) (emphasis
28 added). The court held that the Carmack Amendment "explicitly covers damage caused by the

4

delivering carrier, which is defined as 'the carrier performing the line-haul transportation nearest the destination.'" *Id.*, citing 49 U.S.C. § 14706(a)(1).

**C.     Forum Selection Clause.**

Plaintiffs contend that the parties to the original contract, Tomotherapy and Legacy, agreed that any dispute would be resolved in the Contra Costa County Superior Court. (Declaration of Peter S. Doody, Ex. C at 7.) However, because the Carmack Amendment preempts state law claims relating to transportation, a forum selection clause designating a state court cannot be enforced in this context. *See Smallwood v. Allied Pickfords, LLC*, 2009 WL 3247180, at *18 (holding that the district court could not enforce the arbitration clause in a bill of lading as the Carmack Amendment preempts all other fora); *see also Aacon Auto transport, Inc. v. State Farm Mutual Automobile Ins. Co.*, 537 F.2d 648, 654 (2d Cir. 1976); *Aluminum Products Distributors, Inc. v. Aacon Auto Transport, Inc.*, 549 F.2d 1381, 1385 (6th Cir. 1977) (both Second and Sixth Circuits hold that the Carmack Amendment prohibits the enforcement of forum selection clauses in bills of lading).

**D.     Status of Legacy as Broker or Carrier.**

In their reply, Plaintiffs allude to the possibility that Legacy may not be a licensed carrier in interstate commerce in its own name and may have only acted as a broker in the transaction giving rise to damages. The Carmack Amendment distinguishes between a motor carrier and a broker and covers the conduct of interstate carriers, but not state claims against brokers. *See Hughes Aircraft Co. v. No. American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992); *Intercargo Ins. Co. v. Burlington Northern Santa Fe Railroad*, 185 F. Supp. 2d 1103, 1113-15 (C.D. Cal. 2991); *see also Chubb Group of Ins. Companies v. H.A. Transp. Systems, Inc.*, 243 F. Supp. 2d 1064, 1068-1073 (C.D. Cal. 2002). However, at oral argument it was made clear that Legacy acted as a carrier, not as a broker, in this transaction and only became an agent of a listed carrier in the course of interstate transportation of the machine. Accordingly, the Carmack Amendment applies in this context and preempts all state claims.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand. Because "the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property," Plaintiffs' state law claims are completely preempted and are, accordingly, dismissed. *See Hall*, 476 F.3d at 688-89 (citing *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 306-07 (5th Cir. 1993)). Plaintiffs may file an amended complaint by no later than April 30, 2010. If an amended complaint is filed, Defendant shall either file an answer or move to dismiss within twenty days of service of the amended complaint. If Plaintiffs do not file an amended complaint, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated: April 13, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE