IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED,<br><br>   Plaintiffs,<br><br>   v.<br><br>LEGACY TRANSPORTATION SERVICES, INC. and DOES 1-10, inclusive,<br><br>   Defendants.<br>_____/ | No. C 10-00505 JSW<br><br>**AMENDED ORDER GRANTING UNITED'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

   Now before the Court is the motion to dismiss filed by third-party defendant United Van Lines, LLC ("United"). The Court finds that this matter is suitable for disposition without oral argument and accordingly VACATES the hearing date of April 30, 2010. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS United's motion to dismiss with leave to amend.

   Plaintiffs originally filed a complaint for breach of contract, negligence, and breach of bailment against defendant Legacy Transportation Services, Inc. ("Defendant Legacy") in the Superior Court for the County of Contra Costa. Thereafter, Defendant removed the state action to this Court on the basis of the preemptive effect of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("the Carmack Amendment"), which governs contracts claims concerning the transportation of goods in interstate commerce.

Following removal to this Court, third-party defendant Legacy filed a complaint for equitable indemnity and contribution, express contractual indemnity, apportionment, and declaratory relief based on the vicarious and passive nature of Legacy's conduct.

Thereafter, Plaintiffs moved this Court to remand the claims to state court of the basis that removal was improper on the face of the complaint.  However, on April 13, 2010, the Court denied Plaintiffs' motion to remand and held that because "the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property," Plaintiffs' state law claims were completely preempted and were, accordingly, dismissed.  (*See* Order at 6 (citing *Hall v. North American Van Lines, Inc.,* 476 F.3d 683, 688-89 (9th Cir. 2007) (citing *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 306-07 (5th Cir. 1993))).  The Court allowed Plaintiffs to file an amended complaint by no later than April 30, 2010.  The Court further ordered that if an amended complaint is filed, Defendant should either file an answer or move to dismiss within twenty days of service of the amended complaint and if Plaintiffs do not file an amended complaint, the Court would dismiss the action without prejudice.

Because the claims upon which the third-party claim for indemnity is based have been dismissed and there is currently no operative claims upon which to seek indemnity, the Court GRANTS United's motion to dismiss the current third-party complaint with leave to amend.  Should Plaintiff file an amended complaint under the Carmack Amendment, and should Defendant Legacy Transportation Services, Inc. seek indemnification in an amended third-party complaint, a motion to dismiss that third-party complaint would, thereafter, be ripe.  The current motion addresses an indemnification claim against an inoperative complaint.  Therefore, Defendant United's motion to dismiss is GRANTED and Legacy's current third-party complaint is DISMISSED with leave to amend.

**IT IS SO ORDERED.**

Dated: May 3, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE