United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY TRANSPORTATION SERVICES, INC. and DOES 1-10, inclusive,<br><br>Defendants._____ / | No. C 10-00505 JSW<br><br>**ORDER GRANTING UNITED'S MOTION TO DISMISS THIRD PARTY AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Now before the Court is the motion to dismiss filed by third-party defendant United Van Lines, LLC ("United"). The Court finds that this matter is suitable for disposition without oral argument and accordingly VACATES the hearing date of July 23, 2010. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS United's motion to dismiss with leave to amend.

**BACKGROUND**

Plaintiffs originally filed a complaint for breach of contract, negligence, and breach of bailment against defendant Legacy Transportation Services, Inc. ("Legacy") in the Superior Court for the County of Contra Costa. Thereafter, Legacy removed the state action to this Court on the basis of the preemptive effect of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("the Carmack Amendment"), which governs claims concerning the

transportation of goods in interstate commerce.

Thereafter, Plaintiffs moved this Court to remand the claims to state court of the basis that removal was improper on the face of the complaint. However, on April 13, 2010, the Court denied Plaintiffs' motion to remand and held that because "the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property," Plaintiffs' state law claims were completely preempted and were, accordingly, dismissed. (*See* Order at 6 (citing *Hall v. North American Van Lines, Inc.,* 476 F.3d 683, 688-89 (9th Cir. 2007) (citing *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 306-07 (5th Cir. 1993))).

On May 24, 2010, Legacy filed an amended third-party complaint against United for equitable indemnity and contribution, express contractual indemnity, apportionment, and declaratory relief. United moves to dismiss the third-party complaint for failure to state a claim upon which relief can be granted on the basis that: (1) each of the causes of action are premised upon state law which is preempted by the Carmack Amendment; (2) there are no indemnity rights against United as Plaintiffs fail to state a valid claim against Legacy; and (3) Plaintiffs' action against United is time-barred and without liability, there is no indemnity.

The Court shall address additional facts as necessary in the remainder of the order.

## ANALYSIS

The scheme of the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). The Carmack Amendment imposes strict liability for "actual loss or injury to property." 49 U.S.C. § 14706(a). Additionally, the Carmack Amendment allows the "initial carrier found strictly liable under subpart (a) to be indemnified by the carrier over whose line or route the loss of injury occurred." *FNS, Inc. v. Bowerman Trucking, Inc.*, 2010 WL 532421, *3 (S.D. Cal. Feb. 9, 2010) (quoting *PHN Corp. v. Hullquist Corp.*, 843 F.2d 586, 589 (1st Cir. 1988)); *see also* 49 U.S.C. § 14706(b).

The Ninth Circuit has held that the Carmack Amendment completely preempts state law claims against interstate carriers. *See Hall v. N.Am. Can Lines, Inc.*, 476 F.3d 683, 688-89 (9th

Cir. 2007); *see also Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (rejecting the argument that the Carmack Amendment does not preempt state law causes of action where the carrier is operating on a contract basis).  Because the Carmack Amendment preempts all state law claims, the Court dismisses the first, second and third causes of action in the amended third-party complaint.  However, a claim for indemnity under the Carmack Amendment may properly lie and similarly, one for declaratory relief as to the parties' respective status under the Carmack Amendment.  Accordingly, the Court DISMISSES the amended third-party complaint with leave to amend to state a proper cause of action for indemnity under the Carmack Amendment, as well as an attendant declaratory relief claim.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS United's motion to dismiss the amended third-party complaint with leave to amend.  Legacy must file an amended third-party complaint by no later than August 6, 2010.

**IT IS SO ORDERED.**

Dated: July 19, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court finds premature United's contention that neither United nor Legacy have independent liability to Plaintiffs because of failure to state a claim.  To the extent there remains a claim for indemnity under the Carmack Amendment, such a claim would lie as between Legacy and United.  It is unclear what effect, if any, timing of a possible direct cause of action between Plaintiffs and United would have on an indemnification claim.

3