IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TOMOTHERAPY INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY TRANSPORTATION SERVICES, INC. and DOES 1-10, inclusive,<br><br>Defendants. | No. C 10-00505 JSW<br><br>**AMENDED ORDER DENYING UNITED'S MOTION TO DISMISS THIRD PARTY SECOND AMENDED COMPLAINT** |

Now before the Court is the motion to dismiss filed by third-party defendant United Van Lines, LLC ("United"). The Court finds that this matter is suitable for disposition without oral argument and accordingly VACATES the hearing date of October 815 2010. *See* N.D. Civ. L.R. 7-1(b).[1] Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES United's motion to dismiss.

**BACKGROUND**

Plaintiffs originally filed a complaint for breach of contract, negligence, and breach of bailment against defendant Legacy Transportation Services, Inc. ("Legacy") in the Superior Court for the County of Contra Costa. Thereafter, Legacy removed the state action to this Court

---

[1] The case management conference shall be CONTINUED to October 15, 2010 at 1:30 p.m.

1  on the basis of the preemptive effect of the Carmack Amendment to the Interstate Commerce
2  Act, 49 U.S.C. § 14706 ("the Carmack Amendment"), which governs claims concerning the
3  transportation of goods in interstate commerce.

4  Thereafter, Plaintiffs moved this Court to remand the claims to state court of the basis
5  that removal was improper on the face of the complaint.  However, on April 13, 2010, the Court
6  denied Plaintiffs' motion to remand and held that because "the Carmack Amendment is the
7  exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to
8  property," Plaintiffs' state law claims were completely preempted and were, accordingly,
9  dismissed.  (*See* Order at 6 (citing *Hall v. North American Van Lines, Inc.,* 476 F.3d 683, 688-
10  89 (9th Cir. 2007) (citing *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 306-07 (5th Cir. 1993))).

11  On May 24, 2010, Legacy filed an amended third-party complaint against United for
12  equitable indemnity and contribution, express contractual indemnity, apportionment, and
13  declaratory relief.  United moved to dismiss the third-party complaint for failure to state a claim
14  upon which relief can be granted on the basis that: (1) each of the causes of action were
15  premised upon state law which is preempted by the Carmack Amendment; (2) there were no
16  indemnity rights against United as Plaintiffs fail to state a valid claim against Legacy; and (3)
17  Plaintiffs' action against United was time-barred and without liability, there is no indemnity.

18  On July 19, 2010, this Court dismissed the state court causes of action as preempted by
19  the Carmack Amendment, but permitted Legacy to file an amended third party complaint stating
20  a proper cause of action for indemnity under the Carmack Amendment, as well as an attendant
21  declaratory relief claim.

22  On August 5, 2010, Legacy filed a second amended third-party complaint stating claims
23  against United only for indemnification and declaratory relief pursuant to the Carmack
24  Amendment.  United now moves again to dismiss.

## ANALYSIS

26  The scheme of the Carmack Amendment is "comprehensive enough to embrace
27  responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part
28  of the agreed transportation."  *Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.*, 241

U.S. 190, 196 (1916). The Carmack Amendment imposes strict liability for "actual loss or injury to property." 49 U.S.C. § 14706(a). Additionally, the Carmack Amendment allows the "initial carrier found strictly liable under subpart (a) to be indemnified by the carrier over whose line or route the loss of injury occurred." *FNS, Inc. v. Bowerman Trucking, Inc.*, 2010 WL 532421, *3 (S.D. Cal. Feb. 9, 2010) (quoting *PHN Corp. v. Hullquist Corp.*, 843 F.2d 586, 589 (1st Cir. 1988)); *see also* 49 U.S.C. § 14706(b).

A claim for indemnity under the Carmack Amendment may properly lie and similarly, one for declaratory relief as to the parties' respective status under the Carmack Amendment. *See, e.g., FNS, Inc. v. Bowerman Trucking, inc.*, 2010 WL 532421, *3 (S.D. Cal. Feb. 9, 2010) (quoting *PHN Corp. v. Hullquist Corp.*, 843 F.2d 586, 589 (1st Cir. 1988)); *see also* 49 U.S.C. § 14706(b). The Court concludes that this issue is best resolved after the factual record has been developed. The Court denies United's motion as premature and based on facts outside of the pleadings. As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). Accordingly, the Court DENIES United's motion to dismiss the second amended third-party complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES United's motion to dismiss the second amended third-party complaint.

**IT IS SO ORDERED.**

Dated: September 30, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE